FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONNOR S.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>    Defendant. | No. 1:21-CV-03134-JAG<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney D. James Tree represents Connor S. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed applications for benefits on September 8, 2010, alleging disability since June 26, 2009. Tr. 194-99. The applications were denied initially

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

and upon reconsideration. Administrative Law Judge (ALJ) James Sherry held a hearing on September 13, 2012, and issued an unfavorable decision. Tr. 41-59. This Court subsequently remanded the matter. Tr. 974-86. ALJ Virginia M. Robinson held hearings in 2018 and 2019, and issued an unfavorable decision. Tr. 2967-89. On appeal, this Court again remanded the matter. Tr. 3008-13. ALJ Robinson held a fourth hearing on June 22, 2021, and issued an unfavorable decision on August 4, 2021. Tr. 2884-912. Plaintiff appealed this final decision of the Commissioner on October 19, 2021. ECF No. 1.

## II.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set

aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.  ADMINISTRATIVE FINDINGS

On August 4, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 2884-912. Utilizing the five-step disability evaluation process, the ALJ found:

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 26, 2009. Tr. 2888.

At **step two**, the ALJ determined Plaintiff has the following severe impairments: lumbar degenerative disk disease; bilateral knee conditions; migraines; left ankle condition; obesity; trochanteric (hip) bursitis; intermittent explosive disorder; depressive disorder; and personality disorder. Tr. 2888.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments by the alleged onset date. Tr. 2889.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff can perform light work, subject to the following limitations: he can occasionally climb ramps or stairs; cannot climb ladders, ropes, or scaffolds; can frequently balance; can occasionally stoop, crouch, kneel, and crawl; can occasionally reach overhead, but can reach frequently in other directions; must avoid concentrated exposure to excessive vibration, unprotected heights, and the use of dangerous machinery; can perform simple, routine tasks in a routine work environment with simple, work-related decisions; can have superficial interaction with coworkers and supervisors; can accept instructions and follow directions from supervisors; cannot perform cooperative or teamwork projects, and cannot supervise other employees; and can only have incidental interaction with the public. Tr. 2892.

At **step four**, the ALJ found Plaintiff is unable to perform past relevant work. Tr. 2910.

At **step five**, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 2911. Specifically, the ALJ identified the occupations of garment sorter, cleaner/housekeeper, and office helper. Tr. 2911.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act on the date last insured. Tr. 2912.

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; and (2) whether the ALJ properly evaluated Plaintiff's subjective complaints. ECF No. 13 at 2.

## VI. DISCUSSION

A. **Medical Opinions.**

Because Plaintiff filed his applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Id.* An ALJ may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted). Plaintiff argues the ALJ misevaluated four sets of medical opinions. ECF No. 13 at 13-21.

1. ***Marie Ho, M.D. and Norman Staley, M.D.***

Dr. Ho examined Plaintiff on January 22, 2011, and opined, among other things, Plaintiff is "limited to standing and walking less than two hours at one time without interruption" and "less than six hours" total "in an eight-hour work day";

and "limited to sitting less than two hours at one time without interruption" and "less than six hours" total "in an eight-hour work day." Tr. 388. Dr. Ho also opined Plaintiff's "[h]istory of attention deficit disorder, depression, and bipolar disorder may limit [his] ability to function in the workplace." Tr. 388. Dr. Staley reviewed and largely adopted Dr. Ho's assessment. Tr. 407-14.

The ALJ gave Drs. Ho and Staley's opinions "little weight." Tr. 2906. The ALJ first discounted the opinions as inconsistent with Plaintiff's "typically unremarkable" "clinical presentation": "He presented in no acute distress, and exhibited little or no abnormality in any area, include gait, station, balance, range of motion, grip, upper and lower extremity strength and muscle tone, and sensation." Tr. 2906.

Substantial evidence does not support this finding. Rather, the record is replete with instances of both physical and mental distress, range of motion impairment, diminished strength, and abnormal sensation. *See, e.g.*, Tr. 325, 652, 742, 1552 (distress); Tr. 335, 339, 417, 1665, 2335, 2358 (reduced range of motion); Tr. 357, 441, 547, 616, 1535, 3691 (diminished strength); Tr. 597, 604, 2430 (abnormal sensation). When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Having not done so here, the ALJ accordingly erred by discounting the opinions on this ground.

Second, the ALJ discounted the opinions as inconsistent with Plaintiff's daily activities. The ALJ found Plaintiff "reported that he could do all daily activities without assistance," including "shopping in stores, managing his money, preparing meals, doing laundry, scheduling/attending appointments, and walking his dogs several times a day." Tr. 2906. Plaintiff's minimal activities are neither

inconsistent with nor a valid reason to discount the doctors' opinions. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting the doctors' opinions on this ground.

Third, the ALJ discounted the opinions as inconsistent with Plaintiff's improvement with medication. Tr. 2906. The ALJ found medication "controlled his pain" and "allowed him to attend to attend to daily activities." Tr. 2906. As discussed above, however, the record is replete with instances of distress and pain and Plaintiff's minimal activities are not inconsistent with the doctors' stated opinions. An ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). As the ALJ did not do so here, the ALJ accordingly erred by discounting the doctors' opinions on this ground.

Fourth, the ALJ appeared to discount Dr. Ho's opinion on the ground that, in the ALJ's view, Plaintiff was "exaggerating his symptoms" during the examination. Tr. 2606. Dr. Ho noted: "There are some inconsistencies. At times,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

[he] does not appear to exhibit adequate effort, *but this may be due to pain and inhibition*." Tr. 384 (emphasis added). Viewed in context, the ALJ's assessment is not reasonable. Moreover, the record indicates Dr. Ho's opinion was based on clinical observations and does not indicate Dr. Ho found Plaintiff to be untruthful. Therefore, this is no evidentiary basis for rejecting the opinion. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). The ALJ accordingly erred by discounting the opinion on this ground.

    2.    ***Jose Perez, M.Ed., Philip Barnard, Ph.D., Thomas Genthe, Ph.D.***

Intake Specialist Perez examined Plaintiff on July 8, 2010, and opined Plaintiff had moderate limitations understanding, remembering, and following complex instructions, performing routine tasks, responding appropriately to and tolerating the pressures and expectations of a normal work setting, caring for himself, and maintaining appropriate behavior in a work setting; and a marked limitation relating appropriately to co-workers and supervisors. Tr. 322, 324. Perez observed hyperactivity, irritability, anxiousness, and symptoms of depression. Tr. 320-22.

Dr. Barnard examined Plaintiff on July 17, 2014, and opined Plaintiff had moderate limitations understanding, remembering, and persisting in tasks by following detailed instructions and performing activities within a schedule, maintaining regular attendance, and being punctual within normal within customary tolerances without special supervision; and marked limitations communicating and performing effectively in a work setting, completing a normal

workday and workweek without interruptions from psychologically based symptoms, and maintaining appropriate behavior in a work setting. Tr. 1551-52.

Dr. Genthe examined Plaintiff on March 16, 2018, and opined Plaintiff had, among other things, "severe" limitations communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 2531, 2534.

The ALJ gave these three opinions "little weight." Tr. 2907. The ALJ discounted these opinions on two of the same grounds used to discount the opinions of Drs. Ho and Staley: as inconsistent with Plaintiff's clinical presentation and daily activities. Tr. 2907. As discussed above, the ALJ erred by relying on these unsubstantiated inconsistencies. Moreover, the ALJ's assessment of Plaintiff's mental impairments is contrary to well-settled precedent that, in the mental health context, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison* 759 F.3d at 1017 ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (internal citation omitted); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Indeed, consistent with the longitudinal medical record, Plaintiff testified to having

"good days and bad days" with his emotional health. Tr. 2943. Accordingly, the ALJ erred by discounting the opinions on this ground.

As to Drs. Barnard and Genthe, the ALJ also discounted these opinions on the ground the doctors "failed to provide sufficient rationale to support [their] assessed limitations." Tr. 2908. Substantial evidence does not support this finding, as the record makes clear both doctors conducted clinical interviews and performed mental status examinations. *Cf. Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981) ("Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness."). The ALJ accordingly erred by discounting the opinions on this ground.

Finally, as to Dr. Genthe, the ALJ discounted his opinion on the ground "he had little understanding of the longitudinal record because he reviewed no treatment notes or other records." Tr. 2908. This reason is legally erroneous, as there is no requirement examining doctors who perform one evaluation – and necessarily assess functioning at the time of the evaluation – review the entirety of the longitudinal record. *See, e.g.*, *Walshe v. Barnhart*, 70 F. App'x 929, 931 (9th Cir. 2003) (stating "Social Security regulations do not require that a consulting physician review all of the claimant's background records"); *Xiomara F. v. Comm'r of Soc. Sec.*, 2020 WL 2731023, at *2 (W.D. Wash. May 26, 2020) ("There is no requirement an examining doctor review records prior to rendering an opinion."); *Chlarson v. Berryhill*, No., 2017 WL 4355908, at *3 (W.D. Wash. July 28, 2017) ("[N]ot reviewing plaintiff's prior medical records is not a

legitimate basis for the failure to credit fully Dr. Czysz's opinion, as Dr. Czysz examined plaintiff and performed a MSE[.]"), *report and recommendation adopted,* 2017 WL 3641907 (W.D. Wash. Aug. 24, 2017); *Al-Mirzah v. Colvin*, 2015 WL 457800, at *8 (W.D. Wash. Feb. 3, 2015) ("This rationale, taken to its logical extreme, would allow for the rejection of any and all medical opinions rendered prior to the admission of the claimant's most recent treatment notes into the administrative record.").

Further, as discussed above, the ALJ erroneously evaluated the longitudinal record. The ALJ accordingly erred by discounting Dr. Genthe's opinion on this ground.

### 3. Edward Liu, ARNP.

ARNP Liu, Plaintiff's treating provider, provided opinions in July 2010, December 2010, June 2011, and July 2011. Among other things, ARNP Liu opined Plaintiff was limited to less than a full range of sedentary work, Tr. 332, and would miss work due to his symptoms, Tr. 449. The ALJ gave ARNP Liu's opinion "little weight," discounting it for the same reasons she discounted the opinions of Drs. Ho and Staley. Tr. 2909 (finding the opinion inconsistent with Plaintiff's "good pain control," "an unremarkable presentation in most treatment notes"; and "generally unhindered daily activities"). Because the ALJ erred by discounting Drs. Ho and Staley's opinion on this ground, she necessarily erred by discounting ARNP Liu's opinion.

### 4. Stephen Rubin, Ph.D.

Dr. Rubin testified as a medical expert at the 2019 hearing. Tr. 827-29, 831-39, 844-45. Although Dr. Rubin's testimony spans over a dozen pages, it appears he offered only one functional assessment: that Plaintiff would miss work one or more days of work per month. Tr. 839, 845. The ALJ first discounted Dr. Rubin's functional assessment opinion on the ground he "did not point to specific

evidence of record to support his opinion." Tr. 2909. Substantial evidence does not support this ground. Dr. Rubin reviewed and specifically referenced Dr. Genthe's psychological assessment. Tr. 839. The ALJ also discounted the opinion on the ground Dr. Rubin "is not a medical doctor, and is therefore not qualified to draw conclusions regarding the claimant's physical impairments." Tr. 2909. However, as stated above, the record makes clear Dr. Rubin's opinion was informed by Dr. Genthe's *psychological* assessment. Tr. 839; *see* Tr. 3531. The ALJ accordingly erred by discounting Dr. Rubin's opinion.

B.  **Subjective Complaints.**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 13 at 4-13. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ indicated Plaintiff testified that, since the previous hearing but prior to the onset of the COVID-19 pandemic, he was "having good days and bad days regarding mental health": "On bad days, he would not get out of bed or leave his house; he had bad days four to five days a week. Currently, he still has good and bad days regarding mental health; now he has bad days three to four days each week." Tr. 2894. As to Plaintiff's physical impairments, the ALJ indicated Plaintiff testified his physical pain symptoms "have not changed much over the past two years." Tr. 2894.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 2895-98, 2899-2900. However, because the ALJ erred by discounting four sets of medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with his activities. However, as discussed above, the minimal activities the ALJ cites do not sufficiently undermine Plaintiff's claims. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

### VII. CONCLUSION

Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 13 at 21. Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

The Court finds that the three requirements have been met. As discussed above, the ALJ erroneously discounted four sets of medical opinions and Plaintiff's testimony. The Court finds that further proceedings would serve no useful purpose and that if the erroneously discounted evidence were credited,

Plaintiff would be found disabled. The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay and multiple remands from this Court since Plaintiff applied for disability in 2009 also weigh in favor of a finding of disability. Under these extraordinary circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g). Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE